# Third District Court of Appeal

## State of Florida

Opinion filed July 23, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D26-0459
Lower Tribunal No. D25-15003-TP

_____


**M.S., the Mother**,
Appellant,

vs.

**Department of Children and Families, et al.**,
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Carlos Guzman, Judge.

Kevin C. Colbert, Assistant Regional Counsel, for appellant.

Karla Perkins, for appellee Department of Children and Families; Sara E. Goldfarb and Laura J. Lee (Tallahassee), for appellee Guardian ad Litem.


Before LOGUE, GORDO and BOKOR, JJ.

PER CURIAM.

Affirmed. See Fla. Stat. 39.806(1)(f)2. ("As used in this subsection, the term 'egregious conduct' means abuse, abandonment, neglect, or any other conduct that is deplorable, flagrant, or outrageous by a normal standard of conduct. Egregious conduct may include an act or omission that occurred only once but was of such intensity, magnitude, or severity as to endanger the life of the child."); In re S.V.B., 93 So. 3d 340, 342 (Fla. 2d DCA 2012) ("[Egregious conduct] may include an act or omission that occurred only once but was so severe that it endangered the child's life."); In re D.A.D. II, 903 So. 2d 1034, 1039 (Fla. 2d DCA 2005) (finding that a parent's conduct, including neglect, "in isolation may not rise to the level of egregious conduct" but that when "taken as a whole" the conduct can be considered egregious); M.C. v. Dep't of Children & Family Services, 814 So. 2d 449, 452 (Fla. 4th DCA 2001) (finding that egregious conduct is established by "a pattern of… ongoing neglect" and that the mother had the "capacity to prevent the egregious conduct… and knowingly failed to do so"); Interest of C.E., 263 So. 3d 202, 213 (Fla. 2d DCA 2019) ("However, in cases involving egregious conduct by a parent, 'the termination of parental rights without the use of plans or agreements is the least restrictive means.'" (quoting In Interest of T.M., 641 So. 2d 410, 413 (Fla. 1994)); Dep't of Children & Families v. S.S.L., 352 So. 3d 521, 526 (Fla. 5th DCA 2022) (finding that a trial court's manifest

2

best interest finding will not be overturned where the child "had been stably placed with [other family members]—who were willing to adopt him and with whom he had a strong bond—for over a year"); P.R. v. Dep't of Children & Families, 337 So. 3d 456, 463 (Fla. 1st DCA 2022) ("The court's decision rested on the parents' egregious abuse of the infant, their efforts to cover up what happened, their inability to provide for and protect her, the [other family members'] ability to provide for and bond with the infant since she was placed with them, their desire and capacity to adopt her… and the recommendations of DCF and the GAL.").